UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PREMIERE RADIO NETWORKS,

           Plaintiff,

v.

GODWIN GRUBER, LLP, et al.,

           Defendants.

No. C05-1011MJP

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO DEPOSIT FUNDS IN REGISTRY OF COURT AND FOR DISCHARGE IN INTERPLEADER ACTION

      This matter comes before the Court on Plaintiff's Motion for Leave to Deposit Funds in Registry for Court and for Discharge in Interpleader Action. The case is related to <u>Rene v. Godwin Gruber</u>, 5-770, which is also before this Court. Both cases concern the dispute between talk-radio personality Delilah Rene and her former handlers Brian, Neal, and Kevin Hail. In the case at hand, Plaintiff Premier Radio Networks ("Premiere") is suing the Hails, Ms. Rene, and Brian Hail's lawfirm Godwin Gruber as parties with competing, adverse interests to money that Premiere owes to Delilah Media Group, L.P. ("DMG"). Premiere would like to deposit the money it owes to DMG in the Court's registry pursuant to an interpleader action because, given the Defendants' dispute, Premiere cannot tell who truly deserves the money and who is rightfully in control of DMG at present. Defendants Brian Hail, Godwin Gruber, and Delilah Rene do not object to Premiere's interpleader action. Defendants Neal and Kevin Hail, however, do object to this action and ask the Court to dismiss the interpleader for lack of jurisdiction stemming from the fact that Premiere is not proposing to deposit 100% of the disputed *res* with the Court. Neal and Kevin Hail also argue that Premiere

ORDER - 1

has failed to join a necessary party to this litigation and that Premiere is attempting to use the interpleader statute for improper purposes.

Having reviewed the Motion, Defendants Brian Hail and Godwin Gruber's Response, Defendant Delilah Rene's Response, and Defendants Kevin and Neal Hail's Response, as well as Premiere's Reply and all pertinent exhibits and documentation, the Court hereby GRANTS Premiere's Motion. The Court finds that only 40% of the money owed to DMG by Plaintiff is reasonably in dispute in this case. The Court also finds that DMG is not a necessary party to this litigation and that Defendants Kevin and Neal Hail presented no persuasive evidence that Premiere was using the interpleader statute for improper purposes.

**Background**

Defendant Delilah Rene and Defendants Brian, Kevin, and Neal Hail met in 2003. At that time, Ms. Rene was under contract to Jones Radio, the former syndicator of her talk-radio show. Ms. Rene was dissatisfied with her contract with Jones because the contract did not allow her to pursue other business opportunities, such as television appearances and merchandising. The Hails offered to represent her, to help her get out of her contract with Jones Radio, and to help her pursue other business opportunities. In order to accomplish these goals, Defendants formed Delilah Media, L.L.C. and Delilah Media Group, L.P. Ms. Rene was elected as president and manager of Delilah Media, L.L.C., which is the sole general partner of Delilah Media Group, L.P. The Hails were also elected to positions of responsibility in both of these entities.

In May 2004, Plaintiff Premiere signed an agreement with Delilah Media Group to syndicate Ms. Rene's radio program. (Hail Decl., Ex. 1). Under this agreement ("the Services Agreement"), Premiere agreed to pay all compensation for Ms. Rene's services directly to DMG. (Services Agreement, ¶9). In an agreement between Ms. Rene and DMG, executed on July 1, 2004 ("Employment Agreement"), Defendants agreed that Ms. Rene would receive her salary for her services directly from DMG, rather than Premiere, and that this salary would "equal. . .60% of any 'compensation' received by Delila [sic] Media from Premiere as set forth in ¶9 of the Services

ORDER - 2

Agreement." (Lewis Decl., Ex. 7, ¶ 3). The remaining 40% that DMG received from Premiere for Ms. Rene's services would remain in DMG and belong to the partnership. (Lewis Decl., Ex. 8 at GG00406, Pl's Reply, Note 4).

Over the next year, the Defendants' business and personal relationships deteriorated. In April of this year, Ms. Rene filed a civil law suit in this Court against the Hails and Godwin Gruber. Premiere filed its Complaint for interpleader in this case on June 5, 2005, citing the dispute between the Defendants as the reason it did not know what to do with the money it owed to DMG.

Defendants Neal and Kevin Hail oppose Plaintiff's interpleader action, noting that Premiere only plans to place 40% of the amount it owes to DMG in the Court's registry, having already paid 60% of the amount owed to DMG to Ms. Rene. Kevin and Neal Hail also point out that DMG is a necessary party to this action, yet is not named as a Defendant. They further allege that Premiere is attempting to use this interpleader action to keep money that is rightfully the Hails away from them in order to hinder their ability to litigate. Premiere counters these arguments by stating that only 40% of the amount owed to DMG is in dispute because the Employment Agreement clearly entitles Ms. Rene to 60% of the amount that Premiere owes to DMG. Premiere also states that all of the individuals who comprise DMG are named as Defendants to this suit, so it is not necessary to name DMG. Finally, Premiere denies any wrongful purpose in bringing this action.

**Interpleader**

"'Interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit.'" Advantage Title Agency, Inc. v. Rosen, 297 F. Supp. 2d. 536, 539 (E.D.N.Y. 2003). A Court will not have jurisdiction over an interpleader action without a proper deposit or bond, and a deposit or bond is considered "proper" only when it covers, "the largest amount for which [the stakeholder] may be liable in view of the subject matter of the controversy." 28 U.S.C. §1335(a)(2); United States Fire Insurance Co. v. Asbestospray, Inc., 182 F. 3d 201, 210 (3rd Cir. 1999). For every case, a Court must carefully analyze what a proper deposit in an

ORDER - 3

interpleader action might be and should not automatically require the highest amount named by any one of the parties in controversy. Id. "Amounts that are not realistically within the scope of the interpleader are not required to be deposited or bonded to sustain federal jurisdiction." Id.

In the case at hand, Premiere agreed in the Services Agreement it signed with DMG to pay all of the money it owed for Ms. Rene's services directly to DMG. (Services Agreement, ¶9). Under the Employment Agreement, DMG agreed to directly pay Ms. Rene 60% of all proceeds paid to it by Premiere under the Services Agreement, with the other 40% of proceeds from Premiere remaining in the limited partnership. (Lewis Decl., Ex. 7, ¶ 3). Defendants Neal and Kevin Hail argue that because Premiere owed 100% of all payments to DMG under the Services Agreement, 100% of these payments are in dispute as potential property of the limited partnership and must be paid into the Court's registry in order for this Court to have jurisdiction over this matter. Premiere argues that only the 40% of the payments that it has not yet paid to Ms. Rene are in controversy in this action and that the this amount is sufficient to give this Court jurisdiction.

In this instance, Plaintiff has the better argument. Having reviewed the Employment Agreement between Ms. Rene and DMG, it is clear that DMG had only a passing interest in 60% of the payments that Premiere was making to DMG in return for Ms. Rene's services. Under the Employment Agreement, DMG's rightful interest in 60% of the payments was to be a conduit for the funds from Premiere to Ms. Rene. Because DMG only had a passing interest in this portion of the payments, this money cannot be considered to be "realistically within the scope of the interpleader." The other 40% of the payments, however, were designated to stay within the partnership. As partners in DMG, the Hails, Godwin Gruber, and Delilah Rene have adverse interests in this 40% of Premiere's payments that may be resolved by the Court through interpleader.

**Necessary Party and Wrongful Purpose**

Defendants Kevin and Neal Hail also attempt to defeat interpleader by arguing that Plaintiff Premiere has failed to join DMG as a necessary party in this case and that Premiere has instituted this action for the wrongful purpose of trying to hamper the Hails' ability to litigate this case by using the

ORDER - 4

Court to keep the Hails' money from them.  Kevin ad Neal Hail provide no real evidence beyond speculation for the latter claim.  The Court has examined the submissions of the parties and the circumstances of this case and cannot find any reason to sanction Plaintiff Premiere by denying its Motion under the "unclean hands" doctrine without more concrete evidence.

Regarding the argument that failure to join a necessary party should defeat this action, this argument also fails.  A party is necessary to a litigation if, "in the person's absence complete relief cannot be accorded among those already parties. . .", or if that person's absence would jeopardize her interest or leave the existing litigants subject to multiple liability.  Fed. R. Civ. P. 19(a).  Here, Kevin and Neal Hail insist that DMG is a necessary party to this litigation.  The Court observes, however, that all of the individuals who were shareholders in DMG or in Delilah Media, L.L.C. (which is the sole, general partner of DMG) are named in this action.  Further, given the facts of this case, it is not clear that DMG is a viable entity at this point in time, or that it has an interest independent from that of any of the individual people named in this case.  Accordingly, it does not appear that complete relief between the parties to this case would suffer because of DMG's absence from this litigation, nor would DMG's absence compromise its own interest or expose any of the parties here involved to multiple liability.  For these reasons, the Court does not find that DMG is a necessary party to this action.

**Discharge**

Plaintiff Premiere asks to be discharged from any further liability in this matter once it has made its deposit of 40% of all payments it owes to DMG into the registry of this Court.  Because the Court has found that this amount will be sufficient to settle any disputes that the parties have as to who is entitled to the 40% of the payments from Premiere that was to stay in the partnership, there is no other reason why Premiere should remain exposed to further liability in this matter.  Accordingly, Plaintiff's Motion is GRANTED.

ORDER - 5

**Conclusion**

Having found that only 40% of the payments that Plaintiff Premiere owes to DMG are realistically in dispute in this matter, that all necessary parties have been named to the litigation, and that there is no evidence of wrongdoing on the part of Plaintiff, the Court hereby GRANTS Plaintiff's Motion for Leave to Deposit Funds in Registry of Court and for Discharge in Interpleader Action. The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: August 22nd , 2005.

Marsha J. Pechman
United States District Judge